Curran, Dennis J., J.
In this medical malpractice/wrongful death case, the defendants’ motion to compel production makes a strong case that the plaintiff should produce any diaries created by the decedent or family member chronicling the circumstances of the alleged negligence. The issue has crystallized because at deposition, the decedent’s wife testified that she created such a diaiy of events which detailed the events she had witnessed, wrote it immediately after her husband’s death, and that its contents directly bear on the central issues presented in this lawsuit.
The plaintiff responds, convincingly, that the facts presented by this case are distinctive — and indeed they are. By her opposition, the Court discovers that:
1. the diaiy or notes at issue were created at the direction of her dying husband when they discussed the doctors’ delay in diagnosing his lung cancer;
2. the decedent was himself an attorney;
3. the decedent attorney asked his wife to create such records because “. . . he just felt like something was wrong, something was missed and he said ‘I want you after I die to go to Lubin & Meyer and talk to them, bring them what you know, bring them the facts.' " (Deposition Transcript of Joan Wall, page 75.) (Emphasis added);
4. these notes were created because, as his widow later testified, “He’s the man I loved. I want to — I wanted to remember all of it. . . [I]f we were to go forward with a lawsuit, I would be able to have that information to share with my attorney.” (Deposition Transcript of Joan Wall, pages 79-80). (Emphasis added.)
Thus, the diary was created at the direction of an attorney and specifically drafted in anticipation of litigation.
The defendants have been able to depose Mrs. Wall as to her observations of the events at issue and so, have been able to discover the non-diaiy recitation of events, but they are unable to overcome the protections afforded by work-product principles extant in this particular case.
ORDER
For the foregoing reasons, the defendants’ motion to compel production of request for production numbered 15 must be DENIED.